KATHLEEN A. LEAVITT
CHAPTER 13 BANKRUPTCY TRUSTEE
201 Las Vegas Blvd South, Suite 200
Las Vegas, NV 89101
kal13mail@las13.com
Tel: (702) 853-0700
Fax: (702) 853-0713

E-FILED

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br>BRIAN DAVID CHRIST<br>KATIE LEE CHRIST<br><br>Debtor(s) | CASE NO: BKS-18-50043-BTB<br><br>CHAPTER 13<br><br>Hearing Date: April 24, 2018<br>Hearing Time: 1:30 pm |

CHRISTOPHER P BURKE ESQ
Attorney for the Debtor

**AMENDED TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN
#1 COMBINED WITH TRUSTEE'S RECOMMENDATION FOR DISMISSAL**

Comes now KATHLEEN A. LEAVITT, Chapter 13 Bankruptcy Trustee, in the above captioned bankruptcy case and hereby alleges as follows:

**Statement of Facts**

The Debtor(s) filed for Chapter 13 relief on 01/12/2018. The 341(a) Meeting of Creditors held on April 03, 2018 at 3:00 pm was concluded.

**Argument**

The Trustee objects to confirmation of the Chapter 13 Plan and recommends that this case be dismissed pursuant to 11 U.S.C. 1307(c) for one or more of the following reasons:

- Debtor(s) is/are delinquent in plan payments. 11 U.S.C. §1307(c)(1)

- The Plan fails to provide for all of the Debtor(s)' Disposable Income pursuant to 11U.S.C. §1325(a)(3) and (b) based on: Correct income for Debtor as Schedule I reflects less income than Debtor's paystubs. Tax deductions for Debtor on Schedule I are higher than on Debtor's paystubs. Joint Debtor has received a tax refund each year since at least 2013. Debtor received a tax refund 2013, 2014 & 2015. However, turnover of tax refunds is not included in the plan.
- The plan fails to provide for all of the Debtor(s)' disposable income as calculated on form B122C-2 Chapter 13 Calculation of Your Disposable Income, pursuant to 11 USC § 1325(b).
- The current monthly income and information as reported on Form B122C-1 Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period is incorrect:
    ◦ Paystub(s) for Debtor reflecting the approximately $12,860 received between 12/4/2017 and 12/11/2017 (based on year to date difference calculation). This has not been included.
- Trustee objects to the exemptions claimed as the exemptions are not allowed under the specified section or the amounts specified exceed the allowable exemption, specifically: Nev. Rev. Stat. §§ 21.090(1)(l), (m) and 115.050-exceeds limit;
Nev. Rev. Stat. §§ 21.090(1)(d) as Debtors do not have a business
- Pursuant to Local Bankruptcy Rule 3015(h), Debtor(s) must demonstrate that all secured payments are current as of the date of confirmation.
- Other: _ The Debtors have not opened the MMMP Portal.
  _ Need a Proof of Claim in order to pay the IRS.

Debtor(s) failed to cooperate with the Trustee as necessary to enable the Trustee to perform her duties pursuant to 11 U.S.C. §521(a)(3), §704 and/or §1302. This failure to cooperate has caused unreasonable delay that is prejudicial to creditors under 11 U.S.C. §1307(c)(1) as the Debtor(s) did not provide the following documents:

- All tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition. Specifically: 2017 and refund
- Paystubs for the following period(s): _ Paystub(s) for Debtor reflecting the approximately $12,860 received between 12/4/2017 and 12/11/2017 (based on year to date difference calculation).
  _ Paystubs covering January 2018-current for both Debtors.. 11 U.S.C. §704(a)(4) and/or 11 U.S.C. §521(a)(1)(B)(iv).
- Bank Statement(s) for the following period(s): Wells Fargo #6893 (12/13/17-closing)- Document provided shows current activity which suggests the account may still be open and therefore should be on Schedule B as opposed to Statement of Financial Affairs;
Wells Fargo #0832 (joint savings): (1/1/18-1/12/18) and
OEFCU (8/1/17-9/30/17 & 1/1/18-1/12/18).
- Valuation of the following item(s): 9mm Kimber & Springfield 40
- Amendment to Plan: Section 2.8: does not provide for tax refunds; Section 4.3: need orders establishing value;
Trustee objects to the language regarding tax refunds in Section 9.2. .
- Amendment to Schedule A/B Real and personal Property: Wells Fargo -6893 (see above); List Kimber model.

- Amendment to Schedule I. Current Income of Individual Debtor(s): correct Debtor's 401(k) loan repayment to $295/month per the statement provided..

**Conclusion**

WHEREFORE, for the foregoing reasons, the Trustee objects to confirmation and recommends that this case be dismissed pursuant to 11 U.S.C. §1307(c).

Dated: 4/24/18

/s/ Kathleen A. Leavitt
Kathleen A. Leavitt
Chapter 13 Trustee

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
201 Las Vegas Blvd South
Suite 200
Las Vegas, NV  89101

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| IN RE: | CASE NO: BKS-18-50043-BTB |
|---|---|
| BRIAN DAVID CHRIST<br>KATIE LEE CHRIST | Chapter 13 |
| **Debtor (s)** | |

**CERTIFICATE OF SERVICE**

1. On April 24, 2018, I served the following document(s):

**AMENDED  TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN #1 COMBINED WITH TRUSTEE'S RECOMMENDATION FOR DISMISSAL**

2. I served the above-named documents(s) by the following means to the persons as listed below:

**United States mail, postage fully prepaid**

| | | |
|---|---|---|
| BRIAN DAVID CHRIST<br>KATIE LEE CHRIST<br>430 OLD WASHOE CIRCLE<br>WASHOE VALLEY, NV  89704 | CHRISTOPHER<br>PATRICK B<br>218 S MARYLAND PKY.<br>LAS VEGAS, NV  89101 | CHRISTOPHER P BURKE ESQ<br>218 S MARYLAND PKWY<br>LAS VEGAS, NV  89101 |

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: 4/24/18

/s/ Esther Carr
Employee of
Kathleen A. Leavitt
Chapter 13 Standing Trustee